UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEWART PERSINGER,

    Petitioner,

-vs-                                                              Case No. 8:17-cv-451-T-02CPT

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Before the court are several motions filed by Mr. Persinger (Dkts. 43, 44, 47, 49, 50, 51, 52, 57, 59, 60, 63).

**I. Objection and Request for Further Consideration for Ruling and Decision on Petition (Dkt. 43)**

Mr. Persinger moves the court to expedite a ruling on his amended habeas petition. Upon consideration, the motion will be denied for the same reasons expressed in the court's prior orders denying Mr. Persinger's previous motions to expedite (see Dkts. 38, 42).

**II. Motion to Compel Summary Ruling in Favor of the Petitioner (Dkt. 44)**

Mr. Persinger moves the court to enter judgment in his favor. The motion will be denied without prejudice to a final disposition of his amended habeas petition on full review.

**III. Motions for Injunctive Order and Relief (Dkts. 47 and 51)**

Mr. Persinger moves the court to issue an injunction directing the Florida Department of Corrections to (1) prohibit Mr. Taylor, a classification officer at Graceville Correctional Institution, from handling Mr. Persinger's legal mail, and (2) transfer him out of the Department of Corrections

to a county jail in either Hillsborough County or Pasco County. "[T]he only relief that can be gained in a habeas action is an immediate or speedier release from custody. Therefore, aside from release, injunctive or declaratory relief is unavailable in a habeas action." *Howard v. Haley*, 2001 WL 303534 at *2 (S.D. Ala. Mar. 8, 2001). Accordingly, Mr. Persinger's request for injunctive relief in this habeas action will be denied.[1]

**IV. Petition for Writ of Mandamus (Dkt. 49)**

Mr. Persinger moves the court to issue a writ of mandamus against itself and render a decision on his amended habeas petition. This court cannot issue a writ of mandamus against itself. *See, e.g., Schendel v. Dir., TDCJ-CID*, 2018 WL 4956817, at *2 (E.D. Tex. Aug. 27, 2018), *report and recommendation adopted*, 2018 WL 4951992 (E.D. Tex. Oct. 11, 2018) (concluding that "when directed against a judicial officer, a writ of mandamus is used to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it has a duty to do so" and that the district court lacked "the authority to issue a writ of mandamus against one of its own judicial officers.") (citations omitted). Accordingly, his petition for a writ of mandamus will be denied.

---

[1] Even if the court had authority in this case to grant injunctive relief, Mr. Persinger's request to prohibit Mr. Taylor from processing his mail would be moot because Mr. Persinger is no longer incarcerated at Graceville Correctional Institution. *See McKinnon v. Talladega County, Ala.*, 745 F.2d 1360, 1363 (11th Cir. 1984) ("The general rule is that a prisoner's transfer or release from jail moots his individual claim for declaratory and injunctive relief."). And this court does not have authority to direct the Florida Department of Corrections where to incarcerate Mr. Persinger. *See, e.g., Hicks v. Battle*, 2007 WL 2746660, at *2 (M.D. Ga. Sept. 18, 2007) ("The matter of where to house prisoners is at the sole discretion of prison officials, and this Court does not have proper authority to dictate where or how inmates are housed, so long as the place of incarceration is within the parameters of the Constitution and other federal law.").

## V. Motion to Strike Amended Reply (Dkt. 50); Motion to Withdraw Motion to Strike (Dkt. 52)

Mistakenly believing that his amended reply was a pleading filed by Respondent without leave of court, Mr. Persinger filed a motion to strike the amended reply (Dkt. 50). After realizing his mistake, he moved to withdraw the motion to strike (Dkt. 52). Accordingly, the motion to withdraw will be granted, and the motion to strike denied as moot.

## VI. Motion to Delete Claims and Grounds from Petition; Motion for Judgement on Ground Three (Dkt. 57); Motion to Amend Petition Dismissing Claims (Dkt. 59)

Mr. Persinger's amended habeas petition alleges four grounds for relief (see Dkt. 19). He now moves the court to dismiss Grounds One, Two, and Four of the amended petition and grant him relief under Ground Three. The motion will be granted solely to the extent that Grounds One, Two, and Four will be dismissed. To the extent Mr. Persinger requests a judgment in his favor at this time under Ground Three, the motion will be denied without prejudice to a final disposition of his habeas petition on full review.

## VII. Motion to Compel Action Taken by Court (Dkt. 60); Motion to Compel Summary Review and Decision on Petitioner's Petition, Ground Three (Dkt 63)

Mr. Persinger moves the court to issue a ruling on his pending motions and Ground Three of his amended petition. These motions will be granted to the extent that the court has herein ruled on Mr. Persinger's other pending motions, and a decision on Ground Three of the amended petition will be forthcoming once the court has completed its review.

Accordingly, it is **ORDERED** that Mr. Persinger's:

1. Objection and Request for Further Consideration for Ruling and Decision on Petition (Dkt. 43) is **DENIED**.

2. Motion to Compel Summary Ruling in Favor of the Petitioner (Dkt. 44) is **DENIED**

without prejudice to a final disposition of his amended habeas petition on full review.

    3. Motions for Injunctive Order and Relief (Dkts. 47 and 51) are **DENIED**.

    4. Petition for Writ of Mandamus (Dkt. 49) is **DENIED**.

    5. Motion to Withdraw Motion to Strike (Dkt. 52) is **GRANTED.**

    6. Motion to Strike Amended Reply (Dkt. 50) is **DENIED** as moot.

    7. Motion to Delete Claims and Grounds from Petition; Motion for Judgement on Ground Three (Dkt. 57), and Motion to Amend Petition Dismissing Claims (Dkt. 59) are **GRANTED** solely to the extent that Grounds One, Two, and Four of the amended petition (see Dkt. 19) are **DISMISSED** with prejudice. The motions are otherwise **DENIED**.

    8. Motion to Compel Action Taken by Court (Dkt. 60), and Motion to Compel Summary Review and Decision on Petitioner's Petition, Ground Three (Dkt 63) are **GRANTED** as set forth above.

    DONE and ORDERED on November 18th, 2018.

                                                     **WILLIAM F. JUNG**
                                                   **United States District Judge**

SA: sfc
Copies to:
*Pro se* Petitioner
Counsel of Record